UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TYRONE HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF MISSISSIPPI; CHIEF | ) Case No. CV415-094 |
| OF POLICE; ALL LAW | ) |
| ENFORCEMENT OFFICIALS; THE | ) |
| KKK; THE AMERICAN PEOPLE AS | ) |
| AMERICAN CITIZENS WITHIN | ) |
| THIS NATION, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is yet another of Tyrone Hurt's 42 U.S.C. § 1983 civil rights complaints, this time naming "The State of Mississippi," "The American People," and many others as defendants. Plaintiff's handwriting is illegible, and the Court, once again, has been unable to decipher the nature of his claim. Doc. 1.

Ordinarily, the Court affords *pro se* plaintiffs an opportunity to resubmit their complaints in typed or otherwise legible form. Plaintiff, however, has repeatedly demonstrated his unwillingness or inability to remedy such a deficiency. *See Hurt v. Chief of Police*, No. CV414-244

(S.D. Ga. Apr. 2, 2015) (dismissing his second-chance complaint as unreadable); *see also Hurt v. Florida et al.*, No. CV415-100 (S.D. Ga. Apr. 29, 2015) (advising dismissal of yet another of his illegible complaints); *Hurt v. State*, No. CV415-102 (S.D. Ga. Apr. 28, 2015) (same). Hence, this case also is ripe for dismissal at the outset, as the Court sees little likelihood that plaintiff will ever furnish a complaint that the Court can actually *read*. *See Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring that *pro se* complaints be liberally construed does not mandate that a court sustain a *pro se* complaint "if it is incoherent, rambling, and unreadable").

Congress, however, has directed courts to collect (or for indigents, waive) filing fees in every case. 28 U.S.C. §§ 1914, 1915. The Court has been remiss in addressing that requirement in Hurt's prior three cases. It therefore **DIRECTS** the plaintiff to file a fully executed *in forma pauperis* (IFP) application (the Clerk shall serve a blank form application with this Order) within 14 days of the date this Order is served. Plaintiff's current IFP motion (doc. 2) is deficient in that, as best the Court can tell, it furnishes no meaningful IFP data. Hence, it cannot rule on it now.

Hurt therefore must truthfully (and *legibly*) declare his indigency under penalty of perjury, and he is also invited to submit a legible complaint. Failure to comply with these directives will result in a recommendation that this case be dismissed and that he be enjoined from filing any more unreadable complaints. *See Miller v. Donald*, 541 F.3d 1091, 1098 (11th Cir. 2008) (district courts' inherent power to protect their own jurisdiction and resources authorizes access restrictions for "vexatious" litigants); *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (listing a wide range of injunctions courts can consider when faced with abusive litigants so long as the injunction does not effectively deny access to the courts); *cf. Tucker v. Ann Klein Forensic Center Hosp.*, 2014 WL 1614766 at * 4 n. 1 (D.N.J. Apr. 22, 2014) ("[I]t is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for this Court . . . to issue an order restricting Petitioner's habeas submissions if he keeps filing meritless, lengthy or unreadable documents.").

**SO ORDERED** this 22nd day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA